**Jose Abel TORRES–RUIZ, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 04–70325.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 11, 2005.*

Decided Oct. 21, 2005.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Kevin A. Bove, Esq., Escondido, CA, for Petitioner.

CAS–District Counsel, Office of the District Counsel Department of Homeland Security, San Diego, CA, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Christopher C. Fuller, Janice K. Redfern, Esq., U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: HALL, T.G. NELSON and TALLMAN, Circuit Judges.

### MEMORANDUM **

Jose Abel Torres–Ruiz, a native and citizen of Mexico, petitions for review of an order of the Board of Immigration Appeals ("BIA") dismissing his appeal of an immigration judge's ("IJ") denial of his application for cancellation of removal. We have jurisdiction pursuant to 8 U.S.C. § 1252. "We review for substantial evidence the BIA's decision that an applicant has failed to establish ten years of continuous physical presence in the United States." *Lopez–Alvarado v. Ashcroft*, 381 F.3d 847, 851 (9th Cir.2004). We deny the petition for review.

Substantial evidence supports the BIA's decision that Torres–Ruiz did not prove he had been continuously present in the United States for ten years prior to March 7, 2002. *See Vera–Villegas v. INS*, 330 F.3d 1222, 1230 (9th Cir.2003) (BIA decision regarding continuous physical presence must be affirmed "if it is supported by reasonable, substantial evidence in the record"). The record reflects that Torres–Ruiz, represented by current counsel, stipulated that he departed the United States on December 20, 1991 and did not return until October 30, 1993.[1]

This Court lacks jurisdiction to consider Torres–Ruiz's contention that the IJ's inconsistent recital of dates during the oral decision resulted in prejudice because he failed to exhaust his administrative remedies by raising this issue before the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 677 (9th Cir.2004).

The voluntary departure period was stayed, and that stay will expire upon issuance of the mandate. *See Desta v. Ashcroft*, 365 F.3d 741 (9th Cir.2004).

**PETITION FOR REVIEW DENIED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. These dates are the same dates listed on his Form EOIR–42B, Application for Cancellation of Removal and Adjustment of Status for Certain Nonpermanent Residents.

